**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patt McGuire,<br><br>        Plaintiff,<br><br>v.<br><br>Arizona Department of Corrections Rehabilitation and Reentry, et al.,<br><br>        Defendants. | No. CV-25-02855-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application for Leave to Proceed in Forma Pauperis. (Doc. 3.) After screening Plaintiff's Complaint (Doc. 1), pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court finds it satisfies the procedural and statutory requirements. For the reasons explained below, the Court will **grant** Plaintiff's Application.

## I.    LEGAL STANDARD

When a plaintiff seeks to proceed in forma pauperis the Court must review the complaint to determine whether the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

1    Although Rule 8 does not demand detailed factual allegations, "it demands more
2  than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*,
3  556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action,
4  supported by mere conclusory statements, do not suffice." *Id.*  A complaint "must contain
5  sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its
6  face." *Id.*  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim
7  is plausible "when the plaintiff pleads factual content that allows the court to draw the
8  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing
9  *Twombly*, 550 U.S. at 556).  A complaint that provides "labels and conclusions" or "a
10 formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S.
11 at 555.  Nor will a complaint suffice if it presents nothing more than "naked assertions"
12 without "further factual enhancement." *Id.* at 557.

13 **II.    DISCUSSION**

14    Plaintiff's Complaint alleges employment discrimination pursuant to (1) Title VII
15 of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and (2) the Age
16 Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*  (Doc. 1
17 at 3.)  A party alleging age discrimination under Title VII or the ADEA must file a charge
18 with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the
19 alleged unlawful practice occurred.  *See* 29 U.S.C. § 626(d)(1)(A); 42 U.S.C.
20 § 2000e–5(e)(1).  The party must then file an action within ninety days of receiving a
21 right-to-sue letter from the EEOC.  *See* 29 U.S.C. § 626(e); 42 U.S.C. § 2000e–5(f)(1).

22    Plaintiff is employed by the Arizona Department of Corrections, Rehabilitation and
23 Reentry.  (Doc. 1 at 3.)  She alleges that the discriminatory behavior occurred from March
24 1, 2025 to August 4, 2025.  (Doc. 1 at 4.)  Plaintiff filed a charge with the EEOC on March
25 7, 2025.  (Doc. 1 at 5.)  The EEOC issued her a Notice of Right to Sue Letter on July 13,
26 2025.  (Doc. 1 at 5.)  Therefore, the Court finds that Plaintiff has complied with all relevant
27 statutory deadlines.

28    Plaintiff's Complaint satisfies Rule 8's requirements.  She asserts federal question

jurisdiction under Title VII and the ADEA naming Defendants Marion Kidwell, D. Quintero, Thomas Arbuagh, and Arizona Department of Corrections (collectively "Defendants"). (Doc. 1 at 3.) She alleges Defendants subjected her to adverse employment actions, including: (1) disparate treatment and policy enforcement compared to other chaplains of different sex and race; (2) workplace hostility due to exclusion, aggressive communication, unnecessary paperwork duties, and accusations of fraudulent activity; (3) denial of volunteer and project submissions; (4) refusals to promote; (5) misrepresentations in end-of-year evaluations; and (6) retaliation for refusing a task based on religious grounds. (Doc. 1 at 7.) Plaintiff claims Defendants committed these actions based on her race, sex, religion, and age. (Doc. 1 at 4.) Plaintiff also alleges that Defendants' "severe and pervasive discrimination" has caused her psychological and reputational harm. (Doc. 1 at 6.) She seeks $500,000 in damages and $10 million in punitive damages because "no employee should be subject to the above acts at work." (Doc. 1 at 6.)

For the above reasons, the Court finds that Plaintiff's Complaint is not frivolous or malicious, states a claim on which relief may be granted, and seeks monetary relief against defendants who are not immune from such relief. Therefore, Plaintiff has satisfied the statutory requirements under 28 U.S.C. § 1915(e)(2)(B). The Court advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link for "Self-Represented Litigants."

## III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff is permitted to proceed and serve the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is granted.

**IT IS FURTHER ORDERED** that Plaintiff submit a properly prepared summons to the Clerk of Court to which the Clerk of Court is directed to issue if properly prepared.

Plaintiff will then have to serve the summons and complaint as discussed below.

**IT IS FURTHER ORDERED:**

(1)     Plaintiff must either serve each Defendant or seek a waiver of service for each Defendant.

(2)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m).

(3)     Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 10th day of September, 2025.

Honorable Susan M. Brnovich
United States District Judge