**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patt McGuire, | No. CV-25-02855-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Corrections Rehabilitation and Reentry, et al., | |
| Defendants. | |

The Court now considers Defendants' Motion to Dismiss (Doc. 40). The Motion is fully briefed. The Court **grants** the Motion for the following reasons.

## I.    BACKGROUND

Plaintiff is a chaplain with the Arizona Department of Corrections Rehabilitation and Reentry ("ADCRR"). (Doc. 1 at 3, 5.) At bottom Plaintiff asserts that she was subjected to disparate treatment and hostile behavior by her supervisor Marion Kidwell, ADCRR employee Thomas Arbaugh, and Warden of La Paz D. Quintero. (*Id.* at 5.) Plaintiff thus sues Kidwell, Arbaugh, Quintero, and ADCRR for violations Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, and for defamation claim under Arizona law. (*Id.* at 3.)

## II.    LEGAL STANDARD

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to

relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

- 2 -

### III.    DISCUSSION

Defendants contend that all claims against ADCRR should be dismissed because ADCRR is a non-jural entity that cannot be sued.  (Doc. 40 at 4.)  The Court agrees.  Courts in this District recognize that ADCRR is a non-jural entity that does not have the authority "to sue or be sued in its own right as a separate and distinct legal entity."  *Morgan v. Arizona*, No. CV 06-346-TUC-FRZ(JCG), 2007 WL 2808477, at *8 (D. Ariz. Sept. 27, 2007).  Plaintiff does not materially dispute this point.  The Court thus dismisses ADCRR with prejudice.

Defendants next contend that Plaintiff's Title VII and ADEA claims against Kidwell, Arbaugh, and Quintero (collectively, the "Individual Defendants") should be dismissed because individuals cannot be held liable under Title VII or the ADEA.  (Doc. 40 at 4.)  The Court agrees.  "The Ninth Circuit has consistently held individual defendants cannot be held liable for damages under Title VII and ADEA."  *Wilson v. Maricopa Cnty. Cmty. Coll. Dist. Governing Bd.*, No. CV-19-00068-TUC-SHR, 2020 WL 10320897, at *5 (D. Ariz. Aug. 24, 2020).  Plaintiff does not materially dispute this point.  The Court thus dismisses Plaintiff's Title VII and ADEA claims against the Individual Defendants with prejudice.

Defendants alternatively argue that the Eleventh Amendment bars Plaintiff's ADEA claim.  The Court agrees.  Courts in this District recognize that "[c]lear Eleventh Amendment precedent prevents [claimants] from proceeding under the ADEA against the state, state agencies, and individuals in their capacities as state officials."  *Nash v. Arizona*, No. CV08-2383-PHX-NVW, 2009 WL 10673385, at *2 (D. Ariz. May 21, 2009).  The Court thus dismisses Plaintiff's ADEA claim with prejudice.

Defendants argue that Plaintiff's defamation claim is barred by A.R.S. § 12-821.01.  That statute requires litigants "who have claims against a public entity . . . or a public employee" to file a notice of claim.  § 12-821.01(A).  Arizona courts require litigants to strictly comply with this requirement.  *See Falcon ex rel. Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (2006).  Plaintiff does not dispute that she did not file a notice of

claim. Accordingly, the Court agrees with Defendant and finds that Plaintiff's defamation claim is thus barred. The Court thus dismisses Plaintiff's defamation claim with prejudice.

Plaintiff contends that Defendants' Motion should be denied because Defendants failed to abide by Local Rule of Civil Procedure 12.1(c). This rule requires Defendants to certify, before filing their motion, that they "notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." Defendants did so via email. Plaintiff fails to establish that Defendants' Motion is procedurally improper or otherwise violates the Local Rules.

## IV. CONCLUSIONS

Accordingly,

**IT IS ORDERED granting** Defendants' Motion to Dismiss (Doc. 40) with leave to amend.

**IT IS FURTHER ORDERED granting** Plaintiff leave to amend her Title VII claim only. If Plaintiff so chooses, she must file an Amended Complaint no later than thirty (30) days after the date this Order is issued.

Dated this 12th day of May, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 4 -