**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Patt McGuire,

Plaintiff,

v.

Arizona Department of Corrections Rehabilitation and Reentry, et al.,

Defendants.

No. CV-25-02855-PHX-SMB

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to File Supplemental Evidence (Doc. 61), Motion for Judicial Review and Sanctions Regarding Falsified Records Maintained by Defendant (Doc. 64), and Motion for Leave to File Supplemental Complaint Pursuant to Fed. R. Civ. 15(d) or, in the Alternative, for Leave to Amend Pursuant to Fed. R. Civ. P. 15(a)(2) (Doc. 98). The Court **denies** all three motions for the reasons explained below.

## I. BACKGROUND

In her initial Complaint, Plaintiff alleged that her employer, the Arizona Department of Corrections Rehabilitation and Reentry ("ADCRR"), along with several individual defendants, discriminated and retaliated against her. (Doc. 1 at 3.) She also alleged Defendants defamed her character, engaged in harassment, and created a hostile work environment. (*Id.* at 3–4.) Defendants moved to dismiss, arguing that Plaintiff's federal age discrimination claim was barred by sovereign immunity, that ADCRR was a non-jural entity that could not be sued, that the federal claims against the individual defendants were

not permitted, and that Plaintiff did not comply with Arizona's notice of claim statute in pursuing her defamation claim. (Doc. 40.) The Court granted the Motion to Dismiss, dismissing ADCRR and the individual defendants as parties, the federal age discrimination claim with prejudice, and the defamation claim with prejudice. (Doc. 68 at 3–4.) The Court granted Plaintiff leave to amend her Title VII claim. (*Id.* at 4.)

Before the Court ruled on the first Motion to Dismiss, Plaintiff filed her first two motions. Plaintiff has since filed a First Amended Complaint and Second Amended Complaint against the State, which is the only remaining party. (*See* Docs. 70, 85.) The Second Amended Complaint asserted a claim under the federal Family and Medical Leave Act ("FMLA"). (Doc. 85 at 1, 6.) The Court dismissed the FMLA claim on the State's Motion. (Docs. 86, 97.)

## II. DISCUSSION

In the Motion for Leave to File Supplemental Evidence, Plaintiff accuses an ADCRR employee of falsifying medical records that were "relied upon by [ADCRR] in representations made to the Court." (Doc. 61 at 1.) She requests leave to file "supplemental evidence" for the Court to "consider . . . in connection with the matters currently pending before the Court." (*Id.* at 2.) In Plaintiff's Motion for Judicial Review and Sanctions Regarding Falsified Records Maintained by Defendant, Plaintiff states that these records have "not been presented to the Court" but "*could* potentially be relied upon in connection with issues before the Court." (Doc. 64 at 1 (emphasis added).) Plaintiff also requests the following relief: that the Court (1) "[t]ake judicial notice of Plaintiff's concerns regarding potentially altered records maintained within Defendant's files;" (2) "[p]ermit Plaintiff to supplement the record with supporting evidence upon further verification;" and (3) "[o]rder preservation of all personnel and medical records maintained by Defendant relating to Plaintiff." (*Id.* at 2.) In essence, Plaintiff requests that the Court permit her to file supplemental evidence for the Court to consider in connection with the first Motion to Dismiss and that the Court order the State to preserve relevant evidence. Plaintiff does not otherwise request sanctions under Rule 37 of the Federal Rules of Civil

Procedure.

Recently, Plaintiff moved for leave to file a Supplemental Complaint, or in the alternative, to amend her complaint. (Doc. 98.) She argues that "material events [have] occurred after the filing of [her] operative pleading and that [she] contends are directly related to the claims, protected activity, employment relationship, termination, and circumstances already before the Court." (*Id.* at 1.) This includes a "referral or submission involving Plaintiff to the Maricopa County Attorney's Office, together with subsequent communications and/or actions arising from that referral." (*Id.* at 2.) She did not submit a proposed amended pleading with her Motion. (*See generally* Doc. 98.)

**A. Supplemental Evidence**

The Court denies Plaintiff's request to file supplemental evidence. First, Plaintiff only requested such leave in connection with the Court's consideration of Defendants' Motion to Dismiss (*see generally* Doc. 61); the Court has since granted the Motion to Dismiss (Doc. 68), so her request is moot. Second, even if the Motion to Dismiss were still pending, Plaintiff has not explained how the supplemental evidence would be relevant to the Court's consideration of the Motion to Dismiss: Plaintiff states that certain records were "relied upon by the Defendant in representations made to the Court" (Doc. 61 at 1), but then also states that the records were not presented to the Court (Doc. 64 at 1). Additionally, Plaintiff does not explain how consideration of the evidence would affect Defendants' arguments—which the Court accepted—that Plaintiff's claims failed as a matter of law, regardless of any evidence that may exist to support the claims. (*See* Doc. 68 at 3 (ADCRR could not be sued); *id.* (individual defendants could not be sued under Title VII and her federal age discrimination claims); *id.* (federal age discrimination claim barred by sovereign immunity); *id.* at 3–4 (defamation claim could not proceed because Plaintiff did not dispute she had not filed a notice of claim).) Finally, the evidence she requests that the Court consider consists of FMLA request forms, but Plaintiff did not have an FMLA claim in her Complaint (*see generally* Doc. 1), and the FMLA claim she later asserted against the State was dismissed (*see* Doc. 97). Thus, Plaintiff does not explain

how the evidence is relevant. Consideration of this evidence is not warranted.

**B. Preservation Order**

The Court construes Plaintiff's Motion for Judicial Review and Sanctions Regarding Falsified Records Maintained by Defendant as a request for the Court enter a preservation order requiring the State to preserve all evidence "relating to Plaintiff's employment or medical documentation" "in their current form." (*See* Doc. 64 at 2–3.) Plaintiff states that the FMLA request forms discussed above "may have been altered or inaccurately recorded by . . . Human Resources personnel." (*Id.* at 2.)

The Court finds that a preservation order is not necessary at this time. It is unclear how the FMLA request forms are relevant to Plaintiff's claims or why Plaintiff believes that "discrepancies" she found (*see id.*), necessarily means evidence has not been preserved. *See Zaragosa-Solis v. Gutierrez*, No. CV-22-00562-TUC-JCH, 2023 WL 12091382, at *6 (D. Ariz. Aug. 22, 2023) ("The Court cannot preemptively order preservation of evidence that is not relevant to Plaintiff's present claim."). Moreover, "[p]arties to a civil action in federal court are under a duty to preserve evidence that they know is relevant or reasonably could lead to the discovery of admissible evidence," and this "obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." *Young v. Facebook, Inc.*, No. 5:10-cv-03579-JF/PVT, 2010 WL 3564847, at *1 (N.D. Cal. Sep. 13, 2010). In their response, the defense assured the Court that they "are aware of their ethical and legal responsibilities and will act in accordance with them." (Doc. 65 at 2 n.2.) The Court is not concerned at this time that relevant evidence has not been preserved and therefore will not enter a separate preservation order; it is enough that if, "in the course of litigation, Defendant does not fully comply with its discovery obligations, Plaintiff may seek discovery sanctions or other remedies." *Young*, 2010 WL 3564847, at *1; *see also Gillis v. L.V. Metro. Police Dep't*, No. 2:25-cv-02086-APG-EJY, 2026 WL 2568846, at *3 (D. Nev. Aug. 31, 2026) ("[P]arties are already under a duty to preserve evidence in pending litigation. So it is not necessary for me to order evidence preserved." (citation

omitted)).[1]

**C. Supplemental/Amended Complaint**

The Court denies Plaintiff's request to file a supplemental or amended complaint. The Local Rules require that a "party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends." LRCiv 15.1(a). Plaintiff did not include a proposed supplemental or amended complaint with the Motion, so the Motion is denied without prejudice to Plaintiff filing a motion that complies with the Local Rules. *See Waters v. Weyerhaeuser Mortg. Co.*, 582 F.2d 503, 507 (9th Cir. 1978) (affirming denial of motion for leave to amend that did not comply with local rule requiring "that the proposed amended pleading shall be attached to the motion to amend").

## III. CONCLUSION

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion for Leave to File Supplemental Evidence (Doc. 61).

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Judicial Review and Sanctions Regarding Falsified Records Maintained by Defendant (Doc. 64).

**IT IS FURTHER ORDERED denying** Plaintiff's Initial Motion for Leave to File Supplemental Complaint Pursuant to Fed. R. Civ. 15(d) or, in the Alternative, for Leave to Amend Pursuant to Fed. R. Civ. P. 15(a)(2) (Doc. 98).

Dated this 26th day of October, 2026.

Honorable Susan M. Brnovich
United States District Judge

[1] In her Reply, Plaintiff requests a protective order "to prevent ongoing interference with Plaintiff's ability to preserve evidence, meaningfully participate in this litigation, and to address continuing retaliatory and harassing conduct by Defendant." (Doc. 66 at 2.) The Court does not consider Plaintiff's requests for relief made for the first time in her Reply. *See, e.g.*, *In re In*, No. 5:24-mc-80285-EJD, 2025 WL 986233, at *3 (N.D. Cal. Apr. 2, 2025) ("Courts usually do not consider new arguments on reply let alone new requests for relief, and the Court declines to do so here.").